IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LUEGENE HOLCOMB, )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>SHELBY COUNTY, et al., )<br>)<br>Defendants. ) | No. 11-2017-JDT/cgc |

ORDER ADOPTING REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Luegene Holcomb, an inmate at the Shelby County Correctional Center ("SCCC"), filed a motion for judgment by default on the grounds that Defendants have not cooperated with discovery and have failed to abide by the court's order concerning certain discovery matters [DE# 69]. The matter was referred to Magistrate Judge Charmiane Claxton for a report and recommendation. On March 30, 2013, Magistrate Judge Claxton issued her report, recommending that Plaintiff's motion be denied [DE# 73].

Plaintiff filed objections on March 29, 2013. Magistrate Judge Claxton based her recommendation, in part, on Plaintiff's failure to file certificates of consultation with his various motions as required by the Local Rules of this court. Plaintiff contends that the court should not enforce its rule requiring a certification of consultation because he is a pro se litigant. Plaintiff's objection is not well-taken.

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993). As explained in Greer v. Home Realty Co. of Memphis Inc., 2010 WL 6512339 (W.D. Tenn.):

> Defendant's status as a pro se litigant absolves him from neither the requirements of the Federal Rules of Civil Procedure nor the Local Rules. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989) ("minimum pleading requirements are needed, even for pro se plaintiffs."). "[R]ules of procedure are based on the assumption that litigation is normally conducted by lawyers." McNeil v. U.S., 508 U.S. 106, 113 (1980). The United States Supreme Court, therefore, has suggested that the pleadings of pro se litigants are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972). "Although district courts may liberally construe the federal and local rules for pro se litigants, even pro se litigants are obligated to follow these rules." Whitfield v. Snyder, 263 F. App'x 518, 521 (7th Cir.2008); see also McNeil, 508 U.S. at 113 ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").
>
> Defendant must become familiar with, and follow, the Federal Rules of Civil Procedure and the Local Rules. Indeed, these Rules were not developed by accident. If Defendant would simply adhere to them and attempt to work out his discovery disagreements with Plaintiffs before filing motions, all involved would save time and expense.

Greer, 2010 WL 6512339 * 2.

Plaintiff cannot complain of the court's requirement that he abide by the Local Rules. Instead, as noted in Greer, if Plaintiff "would simply adhere to [the Local Rules] and attempt

2

to work out his discovery disagreements with [Defendants] before filing motions, all involved would save time and expense."

Magistrate Judge Claxton not only recommended denying Plaintiff's motion on the ground that he had failed to file a certificate of consultation but also because the court has never ordered Defendants to produce the video footage sought by Plaintiff. Therefore, Defendants have not failed to comply with a court order, and Plaintiff is not entitled to an order granting a default judgment as a sanction.

The report and recommendation of Magistrate Judge Claxton is hereby ADOPTED in its entirety.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE